UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

COLONY INSURANCE COMPANY,

        Plaintiff,

                      **MEMORANDUM AND ORDER**

    - against -                       13-CV-1714 (RRM) (MDG)

DANICA GROUP, LLC,

        Defendant.
-----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On March 29, 2013, plaintiff, Colony Insurance Company ("Colony") filed the instant

complaint against defendant, Danica Group, LLC ("Danica"), asserting claims for breach of

contract, declaratory judgment, and unjust enrichment in connection with three insurance

policies that Colony issued to Danica.  (Compl. (Doc. No. 1).)  Currently before the Court is

Danica's motion to dismiss (1) the claims for breach of contract and declaratory judgment with

prejudice under New York's election of remedies doctrine; and (2) the entire complaint without

prejudice on abstention grounds.  For the following reasons, the motion is granted.

## BACKGROUND

For purposes of this Memorandum and Order, the Court assumes that the allegations

Colony makes in the complaint are true.  *See, e.g.*, *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

### I.   **The Policies**

Colony issued three commercial general liability insurance policies to Danica, for

successive one-year policy periods beginning July 19, 2006, and ending July 19, 2009, under

policy numbers AR3360115, AR3360115A, and AR3360115B (collectively, the "Policies").

(Compl. ¶ 5.)  The Policies provide Danica with $1,000,000 in coverage for each qualifying

"occurrence," with $2,000,000 in the aggregate, and requires Danica to pay a $10,000 deductible

for each occurrence that caused "bodily injury" or "property damage," as defined therein. (*Id.* ¶¶ 7–9, 13–16, 20–23, 27.)

## II.    The State Court Action

### A.    The State Complaint

On December 15, 2010, Colony commenced an action against Danica in New York Supreme Court, New York County (the "State Court Action"), seeking rescission of several policies, including those at issue here, on the ground that Danica had fraudulently induced Colony into issuing the policies by misrepresenting its business. (Compl., *Colony Ins. Co. v. Danica Grp, LLC.*, No. 1:6200/10 (N.Y. Sup. Ct., N.Y. Cnty. Dec. 15, 2010) (Certification of Anthony P. DeCapua Supp. Mot. to Dism. ("DeCapua Decl.") Ex. C ("State Compl.") (Doc. No. 15-5).) Specifically, Colony alleged that on September 25, 2005, unbeknownst to Colony, Danica's predecessor company, which was a plumbing company, entered into a consent order (the "Consent Order") with the New York State Department of Buildings ("DOB") to settle certain charges against the predecessor company. (*See* State Compl. ¶ 5.) Pursuant to the Consent Order, Danica's predecessor was required to pay $500,000 to the Environmental Control Board and would not "engage in business activities as a licensed plumbing facility," although the predecessor could subcontract its "plumbing and fire suppression piping work." (*Id*. ¶¶ 6–8.) Danica was formed as a result of the Consent Order. (*Id*. ¶ 9.) Because the Consent Order prohibited Danica from engaging in business activities as a licensed plumbing company, Danica, on April 1, 2007, entered into a Master Subcontract Agreement with Copper Heating and Plumbing, LLC ("Copper"), pursuant to which Copper would perform "completion plumbing work on Danica's existing contracts" and "future plumbing work" on contracts Danica intended to seek. (*Id.* ¶ 10.)

2

On or about July 5, 2006, Danica applied for an insurance policy from Colony. (*Id.* ¶ 13.) In this application, Danica made various misrepresentations concerning its business operations, which Danica knew or should have known were false. (*Id.* ¶¶ 14–15.) For example, Danica knowingly represented that (1) its business had operated under its present name for twenty years, when, in fact, Danica had been in business for only one year at the time of its initial application; (2) it was performing the same operation as its predecessor, when, in fact, the Consent Order prevented Danica from performing any plumbing operations; (3) it subcontracted out only a portion of its plumbing work, when, in fact, the Consent Order required it to subcontract all of its plumbing work; (4) its projected subcontracting costs were significantly lower than they actually were; and (5) all written contracts it obtained from subcontractors contained provisions holding Danica harmless. (*Id.* ¶¶ 15, 48.) Danica also failed to disclose that DOB had raised charges against its predecessor, and that the Consent Order existed. (*Id.* ¶ 16.)

In reliance on these representations and omissions, Colony issued policy AR3360115 to Danica. (*Id.* ¶¶ 18–22, 48.) Danica made similar misrepresentations and omissions in its July 2007 and July 2008 renewal applications, in reliance on which Colony issued policies AR3360115A and AR3360115B, respectively. (*Id.* ¶¶ 23–47.) Upon discovering these misrepresentations and omissions, Colony notified Danica and "elected to rescind" the Policies. (*Id.* ¶ 49.)

B.    **Procedural Posture of State Court Action**

On December 14, 2011, Colony served a motion for a default judgment against Danica in the State Court Action. (DeCapua Decl. ¶ 20.) On April 26, 2012, while this motion for a default judgment was pending, Zurich American Insurance Company and Pav-Lak Industries,

Inc. (together, "Zurich") moved to stay the State Court Action and to intervene as defendants. (*Id.* ¶ 26.)  On July 16, 2012, the court granted Zurich's motion.  (*Id.* ¶ 28.)  In subsequent months, Zurich moved to consolidate the State Court Action with four of Zurich's related actions seeking a declaratory judgment.  On March 13, 2013, New York Marine and General Insurance Company ("NYMAGIC") moved to consolidate the State Court Action with NYMAGIC's state court action against Danica.  (*Id.* ¶¶ 32–33.)

On March 27, 2013, the state court granted Colony a default judgment as to Danica's liability for fraudulent inducement, to the extent of deeming true the allegations in the State Complaint.  (*Id.* ¶ 34; Mar. 27, 2013 Order (*id.* Ex. G).)  However, the court declined to grant a default judgment as to what relief Colony should receive, explaining that (1) factual questions existed concerning whether Colony made a sufficient "tender of return" of Danica's premiums; (2) Colony might be estopped from obtaining rescission "by virtue of its retention of [Danica's] premiums"; (3) Colony might be entitled to "rescissory damages" instead of rescission; (4) at an inquest, the parties could submit evidence concerning "whether the [P]olicies should be rescinded; and (5) upon completion of discovery, any party could move for summary judgment. (Mar. 27, 2013 Order at 4–5.)

Two days later, Colony commenced the instant federal action.  (*See* Part III, *infra*.)  On April 23, 2013, the state court granted Zurich's consolidation motion.  (State Compl. ¶ 36 & Ex. I.)  On May 1, 2013, Zurich moved to renew and reargue the March 27, 2013 Order.  (*Id.* ¶ 37.) On May 15, 2013, NYMAGIC applied for leave to intervene as a defendant in the State Court Action.  (*Id.* ¶¶ 38.)  On June 10, 2013, Danica moved to vacate the default judgment and dismiss the State Complaint.  (*Id.* ¶ 39.)  On September 27, 2013, the state court denied Danica's motion.  *See Colony Ins. Co. v. Danica Grp.*, LLC, 984 N.Y.S. 2d 2, 2014 N.Y. Slip Op. 01527,

at *3 (N.Y. App. Div. 2014).  On September 30, 2013, the state court denied Zurich's motion to

renew the motions the court decided in its March 27, 2013 Order.  *See id.*, at *3–4.  On October

9, 2013, the state court denied NYMAGIC's application for leave to intervene.  *See id.*, at *4.

On March 6, 2014, the New York Supreme Court, Appellate Division, First Department,

affirmed the March 27, 2013, September 27, 2013, and September 30, 2013 Orders, and

dismissed as moot an appeal from the October 9, 2013 Order.  *See id.*, at *3–4.  Danica and "the

intervenors" have filed motions in the First Department to resettle and reargue, and have also

sought leave to appeal to the New York Court of Appeals.  (Doc. No. 16.)

On October 13, 2013, Colony moved for summary judgment in the state court "on its

rescission cause of action . . . based on [Danica's] default."  (*Id.*; *see* Suppl. DeCapua Decl. Ex.

N (Doc. No. 15-21).)  In support of the summary judgment motion, Colony submitted an

affidavit stating that, to date, (1) Colony had collected a total of $1,004,883 in premiums from

Danica; (2) Colony had paid $853,198.24 in connection with Danica's defense and

$2,044,786.97 in indemnity payments on Danica's behalf; (3) Colony had paid a total of

$2,897,985.21 in connection with Danica's defense and indemnification; and (4) the court

should, upon rescinding the Policies, order Danica to return $1,893,102.21 to Colony.  (*See* Aff.

of Norton M. Geller Supp. Mot. Summ. J. (Suppl. DeCapua Decl. Ex. O).)  The state court has

set a return date of September 25, 2014 on Colony's summary judgment motion.  (Doc. No. 16.)

III.    **The Instant Action**

As stated above, Colony filed the instant complaint on March 29, 2013, asserting claims

for breach of contract, declaratory judgment, and unjust enrichment, in connection with the

Policies.  (*See generally* Compl.)  In this complaint, Colony alleges that it has paid damages and

defense costs on Danica's behalf in connection with "numerous" occurrences and claims arising

from "bodily injury" and "property damage." (*Id.* ¶ 33.) For each of these occurrences and

claims, Colony has requested that Danica reimburse it in the amount Colony paid on Danica's

behalf, up to the maximum deductible amount of $10,000. (*Id.* ¶ 34.) Danica, however, has

failed to reimburse Colony in connection with any of these occurrences and claims. (*Id.* ¶ 35.)

Colony also paid certain losses on Danica's behalf to settle occurrences and claims against

Danica that the Policies did not cover. (*Id.* ¶ 36.) Colony paid these uninsured losses because

Danica represented that it would reimburse Colony for these costs. (*Id.* ¶ 37.) Although Colony

has sought reimbursement from Danica for these uninsured losses, Danica has failed to

reimburse Colony. (*Id.* ¶ 38.)

 In its first fifteen causes of action, Colony alleges that Danica breached policies

AR3360115 and AR3360115A by refusing to make deductible payments toward defense costs

and/or "settlement and damages" amounts that Colony paid on Danica's behalf in connection

with fifteen claims. (*Id.* ¶¶ 39–156.)[1] In its twenty-second through twenty-fourth causes of

action, Colony alleges that Danica breached all three Policies by refusing to make deductible

payments toward "defense costs and damages" that Colony paid on Danica's behalf in

connection with three additional claims. (*Id.* ¶¶ 157–230.) In its twenty-fifth through twenty-

seventh causes of action, Colony seeks a declaratory judgment that it is entitled to

reimbursement in the total amount of $55,000, which Colony expended on Danica's behalf to

defend and settle lawsuits for which the Policies did not insure Danica. (*Id.* ¶¶ 231–230.)

Finally, in its twenty-eighth cause of action, Colony alleges that because Colony made all the

aforementioned payments, Danica has been unjustly enriched in the sum of at least $264,502.92.

(*Id.* ¶¶ 280–284.)

---

[1] In its sixteenth through twenty-first causes of action, Colony makes similar allegations concerning another policy (AR3460588B) that is not one of the three Policies described above, relating to six additional claims.[1] (*Id.* ¶¶ 39–156.) Colony makes no factual allegations concerning this policy.

**DISCUSSION**

**I.     Motion to Dismiss Pursuant to New York's Election of Remedies Doctrine**

Under New York law, a party's election of remedies bars that party from pursuing

alternative relief where (1) the party has "chosen one of two or more co-existing inconsistent

remedies"; and (2) in reliance upon that election, that party "must have gained an advantage, or

the opposing party must have suffered some detriment." *Prudential Oil Corp. v. Phillips*

*Petroleum Co.*, 418 F. Supp. 254, 257 (S.D.N.Y. 1976).  Remedies are inconsistent where "a

certain state of facts relied on as the basis of a certain remedy is inconsistent with, and repugnant

to, another certain state of facts relied on as the basis of another remedy." *Id*. (internal quotation

marks omitted).  For example, "one may not both affirm and disaffirm a contract . . . or take a

benefit under an instrument and repudiate it." *Sofi Classic S.A. DE C.V. v. Hurowitz*, 444 F.

Supp. 2d 231, 238 (S.D.N.Y. 2006).

While a party may plead inconsistent theories of recovery, "a litigant must elect among

inconsistent positions upon seeking expedited disposition." *Ross Univ. Sch. of Medicine, Ltd. v.*

*Brooklyn-Queens Health Care, Inc.*, No. 09 CV 1410, 2013 WL 1334271, at *20 (E.D.N.Y. Mar.

28, 2013).[2]  For example, a plaintiff makes a binding election by receiving a default judgment as

to one of two inconsistent claims.  *See Lemus v. Manhattan Car Wash, Inc.*, No. 06 CV 15486,

2010 WL 2968182, at *11 (S.D.N.Y. Nov. 24, 2010); *Johannes Baumgartner Wirtschafts-Und*

*Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278 (E.D.N.Y. 2013) ("[I]n obtaining

[partial default] judgments on their unjust enrichment claims, Plaintiffs have, in effect, conceded

that no valid contract . . . exists.").  In fact, a plaintiff makes a binding election merely by filing a

motion for summary judgment as to one of two inconsistent remedies.  *See Ross Univ.*, 2013 WL

---

[2] Colony concedes that its failure to plead inconsistent remedies in its State Complaint is a problem of its own
making.  (*See* Pl.'s Mem. of L. Opp'n Mot. to Dism. (Doc. No. 15-19) at 6–7.)

1334271, at *20 ("[Plaintiff] chose to pursue money damages as its full measure of recovery in

its motion for summary judgment, thereby constituting its election of damages for its future loss

over future specific performance.").[3]

Here, Colony has disaffirmed the Policies, seeking to rescind them (and to obtain related

monetary damages) on grounds of fraudulent inducement.  In pursuit of this goal, Colony has

(1) obtained a default judgment as to Danica's liability for fraudulent inducement and (2) moved

for summary judgment on its request for rescission and associated monetary damages.  In so

doing, Colony has elected its remedy and cannot simultaneously pursue contradictory claims

seeking to enforce the very same Policies.  *See id*.; *Lemus*, 2010 WL 2968182, at *11.

Accordingly, pursuant to New York's election of remedies doctrine, the Court dismisses

Colony's claims for breach of contract and declaratory judgment.

## II.    Motion to Abstain Pursuant to *Colorado River*

Even if the election of remedies doctrine did not bar Colony's first two causes of action,

the Court would abstain from exercising jurisdiction over the instant action pursuant to *Colorado*

*River Water Conservation Dist. v. United States*., 424 U.S. 800 (1976).  In *Colorado River*, the

Supreme Court held that, in certain exceptional circumstances, a federal court may abstain from

exercising jurisdiction when parallel state-court litigation could result in 'comprehensive

disposition of litigation' and abstention would conserve judicial resources."  *Niagara Mohawk*

*Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012)

---

[3] In contrast, *filing* a motion for summary judgment *as to liability only* does not necessarily constitute a binding election.  *See Am. Underground Engineering, Inc. v. City of Syracuse*, 526 F. App'x 37, 39 (2d Cir. 2013) (finding that plaintiff who moved for partial summary judgment as to liability for breach of contract did not elect remedy and, therefore, was not precluded from also proceeding under rescission and quantum meruit theory, reasoning, *inter alia*, that (1) damages were not at issue in the motion; and (2) assuming the breach substantially defeated contract's purpose, rescission and quantum meruit recovery would, in fact, be appropriate remedies.)  Here, however, Colony has obtained a default judgment as to liability and moved for summary judgment as to damages.

(quoting *Colorado River*, 424 U.S. at 817); *see also Colorado River*, 424 U .S. at 813

("Abdication of the obligation to decide cases can be justified under this doctrine . . . in the

exceptional circumstances where . . . order[ing] . . . the parties to repair to the state court would

clearly serve an important countervailing interest."); *Vill. Of Westfield v. Welch's*, 170 F.3d 116,

120 (2d Cir. 1999) ("Although a pending action in a state court does not generally bar

proceedings involving the same matter in a federal court, a federal court may dismiss a federal

suit for 'reasons of wise judicial administration' where there are 'exceptional' circumstances.")

(quoting *Colorado River*, 424 U.S. at 818).

     To abstain under *Colorado River*, a court must, as a threshold matter, find that the

concurrent federal and state proceedings are "parallel." *Dittmer v. Cnty. of Suffolk*, 146 F.3d

113, 118 (2d Cir. 1998); *Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 2013 WL 592672, at \*4

(S.D.N.Y. Feb.15, 2013). "Federal and state proceedings are 'concurrent' or 'parallel' for

purposes of abstention when the two proceedings are essentially the same; that is, there is an

identity of parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. of*

*Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997); *see GEICO v. Leica supply, Inc.*, No. 11 CV

3781, 2014 WL 1311544 (E.D.N.Y. Mar. 28, 2014) ("In determining whether two actions are

parallel for purposes of *Colorado River* abstention, "a court may consider whether the actions

involve the same (i) parties, (ii) subject matter, and (iii) relief requested.") (internal quotation

marks omitted). "[T]he parallel litigation requirement is satisfied when the main issue in the

case is the subject of already pending litigation." *GBA Contracting Corp. v. Fidelity & Deposit*

*Co. of Maryland*, No. 00 CV 1333, 2001 WL 11060, at \*1 (S.D.N.Y. Jan. 3, 2001)). There must,

however, be "a substantial likelihood that the state litigation will dispose of *all* claims presented

in the federal case." *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862

F. Supp. 2d 170, 194 (E.D.N.Y. 2012) (internal quotation marks omitted)) (emphasis in original)).

Where the state and federal actions are parallel, "a district court is required to weigh six factors, with the balance heavily weighted in favor of the exercise of jurisdiction." *Vill. of Westfield*, 170 F.3d at 121 (internal quotation marks omitted). The six factors are (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is more convenient for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights. *Niagara Mohawk Power Corp.*, 673 F.3d at 100–01. "No single factor is necessarily decisive, and the "'weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.'" *Vill. of Westfield*, 170 F.3d at 121 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 16 (1983)). In addition, "the vexatious or reactive nature of either the federal or the state litigation may influence the decision" whether to abstain. *Moses H. Cone*, 460 U.S. at 17 n.20.

The instant action is parallel to the State Court Action. Colony and Danica are parties to both actions. The subject matter of the instant action – whether Danica must reimburse Colony for certain defense and indemnification payments Colony made on Danica's behalf for the relevant policy periods – is also at issue in the State Court Action, wherein Colony seeks to unwind every defense or indemnification payment it has ever made to Danica for the relevant policy periods. (*See* Suppl. DeCapua Decl. ¶ 4 & Ex. P.) By the same token, the relief Colony requests in the instant action is part of the relief it requests in the State Court Action. (*See id.*)

That Colony advances different legal theories to support its more limited claim in the instant action is immaterial. *See Telesco*, 765 F.2d at 359 ("[W]hile the legal theories asserted in the state and federal courts differed, the complaints nevertheless requested the same relief."). Moreover, while Colony was careful to omit from the instant complaint the allegations of fraudulent inducement it made in the State Complaint (a striking omission given that the state court deemed these allegations true before Colony filed the instant complaint), Danica has imported the fraudulent inducement issue into the instant action as a defense. *See id.* (finding that state and federal actions both concerned legality of plaintiff's ouster from corporation, where plaintiff alleged in federal action that ouster was illegal and defendants raised ouster's legality as defense in state action). Accordingly, as the instant action is parallel to the State Court Action, the Court will proceed to address the *Colorado River* factors.

With regard to the first factor, this action is not *in rem* and does not involve jurisdiction over any property. "[T]he absence of a res points toward exercise of federal jurisdiction." *Vill. of Westfield*, 170 F.3d at 122 (internal quotation marks and alteration omitted). Accordingly, this factor weighs against abstaining.

With regard to the second factor, the parties agree that this Court and the state court are equally convenient. "[W]here the federal court is just as convenient as the state court, [this] factor favors ret[aining] . . . the case in federal court." *Vill. of Westfield*, 170 F.3d at 122 (internal quotation marks omitted). Accordingly, this factor weighs slightly against abstaining.

With regard to the third factor, the "primary context in which [the Second Circuit] ha[s] affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Niagara Mohawk Power Corp.*, 673 F.3d at 101–02 (quoting

11

*Woodford*, 239 F.3d at 524). However, even where principles of res judicata and collateral

estoppel would apply, the risks of duplicative litigation and an unseemly race to judgment weigh

in favor of abstaining. *See Tarka v. Greenfield Stein & Senior, LLP*, No. 00 CV 1262, 2000 WL

1121557, at *5 (S.D.N.Y. Aug. 8, 2000) ("[C]ourts have suggested that the existence of merely

duplicative litigation weighs in favor of abstention, although it is not a determinative factor.");

*Mazuma*, 2014 WL 814960, at *16 (stating that risk of "duplicative litigation or a rush to

judgment" weighs "modestly in favor of abstention).

Here, collateral estoppel would likely prevent the courts from reaching inconsistent

outcomes, as Colony and Danica are parties to both actions, and each action requires the court to

determine the issue of whether the Policies are enforceable. Nevertheless, forcing Danica to

litigate in two courts would be unduly burdensome to Danica. *See Lefkowitz v. Bank of New

York*, 676 F. Supp. 2d 229, 275 (S.D.N.Y. 2009) (report and recommendation) ("[T]here is

plainly inconvenience in having to litigate actively in both state and federal courts at the same

time."), *adopted by* 676 F. Supp. 2d 229, 235 (S.D.N.Y. 2009). Further, forcing two courts to

adjudicate the Policies' enforceability would be a waste of judicial resources, especially because,

as discussed more fully below, Colony is engaging in transparent forum shopping. Accordingly,

this factor weighs in favor of abstaining.

With regard to the fourth factor, the State Court Action and the instant action stand in

marked contrast. Colony filed the State Complaint in 2010 and obtained a default judgment as to

Danica's liability in that action before even commencing the instant action. The New York

Appellate Division, moreover, has since affirmed that default judgment. *See Colony Ins. Co.*,

2014 N.Y. Slip Op. 01527, at *3. Colony filed the instant action only upon realizing, to its

disappointment, that the state court would require further submissions as to damages. *See Best v.*

*City of New York*, 654 F. Supp. 208, 211 (S.D.N.Y. 1986) ("Permitting these plaintiffs to proceed in federal court over one year after the state court action commenced for the simple reason that they are not happy with the outcome of the state litigation would only serve to encourage litigants to forum shop during the pendency of litigation."). Moreover, to date, the only proceedings in the instant action have been Colony's filing a complaint and matters relating to the instant motion. *See Colorado River*, 424 U.S. at 820 ("[W]e also find significant . . . the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss."). Accordingly, this factor weighs heavily in favor of abstention.

With regard to the fifth factor, Colony asserts only state law claims. Where the state law issues are "neither novel nor particularly complex, the absence of federal claims weighs only slightly in favor of abstention." *Mouchantaf v. Int'l Modeling and Talent Ass'n*, 368 F. Supp. 2d 303, 307–08 (S.D.N.Y. 2005). Colony's state law claims are neither novel nor complex. Accordingly, this factor weighs slightly in favor of abstention.

With regard to the sixth factor, Colony argues that its rights "may not be adequately protected" in the State Court Action because (1) the state court improperly allowed Zurich to intervene, such that non-parties to the Policies are able to challenge Colony's right to relief; and (2) if Colony chooses to commence a new action in state court to assert the claims in the instant complaint, the state court may consolidate Colony's two state actions against Danica, which will cause delay. (Def.'s Mem. of L. Supp. Mot. to Dism. (Doc. No. 15-19) at 7–8).)[4] This assertion that Colony's rights "may not" be adequately protected in state court is merely tentative and, in any event, does not concern federal rights. Accordingly, this factor is inapplicable and

---

[4] Colony ignores the possibility that the election of remedies doctrine would preclude such a new action in state court.

13

"does not weigh either in favor of or against" abstention. *Sun Life Assur. Co. of Canada (U.S.) v. Gruber*, No. 15 CV 10194, 2006 WL 1520524, at *5 (S.D.N.Y. June 1, 2006).

On balance, the formal *Colorado River* factors weigh in favor of abstaining, in part, though not only, because the State Court Action had progressed to a default judgment before Colony even commenced the instant action, in which the only notable proceedings have been the filing of the complaint and briefing the instant motion.

Moreover, the "reactive nature" of the instant action weighs in favor of abstaining. *Moses H. Cone*, 460 U.S. at 17 n.20. Colony is the plaintiff in both courts. Colony filed the instant action two days after the state court granted a default judgment as to liability only and declined to determine the appropriate remedy without an inquest. Colony admits that it has opted not to seek leave to amend the State Complaint lest it forgo the default judgment. Colony also states that it hesitates to commence a second action in state court lest the two state court actions be consolidated. Colony cannot use the instant action as a hedge against a suboptimal result in state court, one that was prompted largely by its own actions in failing to obtain a default judgment as to damages, and in seeking to circumvent the possibility of consolidated actions in state court. The Court declines to expend its scarce resources to enable Colony in this fashion. *See Telesco*, 765 F.2d at 363 ("The sequence of events in this case show[s] that the same party is plaintiff in both courts and sues in the federal court on the same cause of action after he suffered some failures in the earlier state court action."); *Gabeli v. Sikes Corp.*, No. 90 CV 4904, 1990 WL 213119, at *7 (S.D.N.Y. Dec. 14, 1990) (abstaining under *Colorado River*, reasoning that federal action was "reactive," where sequence of events indicated that plaintiffs were identical in both courts and commenced federal action "as a hedge against an unfavorable result" in the state proceedings); *Mann v. Alvarez*, No. 96 CV 2641, 1996 WL 535540, at *3

14

(S.D.N.Y. Sept. 20, 1996) ("This Circuit has repeatedly upheld dismissal and stay of federal actions in circumstances . . . where a plaintiff who had suffered adverse rulings in a state court proceeding subsequently filed a similar federal action.") (citing *Am. Disposal Servs.*, *Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir. 1998) (affirming *Colorado River* abstention, noting that "this is a case involving a plaintiff who, having failed to obtain the desired relief in its home state forum of choice, brings a second proceeding in order to try again."). The reactive nature of the instant proceeding, along with the formal *Colorado River* factors, weighs in favor of abstaining.

For all these reasons, the Court abstains from exercising jurisdiction over the unjust enrichment claim.[5]

## CONCLUSION

Danica's motion is granted, and this action is dismissed for the reasons stated herein. . The Clerk of Court is directed to enter Judgment accordingly, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
      September 8, 2014

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[5] Even if the election of remedies doctrine did not bar Colony's first two causes of action, the Court would abstain from exercising jurisdiction over them for the reasons set forth above.